# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSEPH ARMAND ZIMMER,<br><br>    Defendant. | Case No. 2:25-mj-00307-DJA<br><br>ORDER |

Defendant Joseph Armand Zimmer is charged in the Southern District of Georgia, Augusta Division, in a criminal indictment with threats in interstate commerce. Docket No. 1. *See* Southern District of Georgia Case No. 1:25-cr-0024-DHB-BK. During a hearing before this Court, his attorney requested a competency psychiatric evaluation. Docket No. 13. Kimberly Frayn appeared on behalf of the United States and Rebecca Levy appeared on behalf of Defendant.

Based on the representations that were made by counsel and the observations of the Court, the Court has reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court therefore orders a mental competency evaluation pursuant to 18 U.S.C. §§ 4241 and 4242.

IT IS ORDERED that:

1. In accordance with 18 U.S.C. §§ 4241, 4242, and 4247, the United States Marshal Service shall forthwith transport Defendant Joseph Armand Zimmer to a suitable Bureau of Prisons ("BOP") facility that conducts psychological evaluations closest to the court, for psychiatric or psychological evaluation to determine:

      a.    whether Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

      b.    whether Defendant suffered from a mental disease or defect rendering him mentally incompetent at the time of the commission of the offense charged.

2.    Defendant shall be held in a BOP facility for a reasonable period of time, not to exceed forty-five days, unless extended by further order of the court upon a showing of good cause by the director of the facility that the additional time is necessary to observe and evaluate Defendant, or by appropriate motion, for a period of up to thirty additional days.  18 U.S.C. § 4247(b).

3.    The examination conducted pursuant to this order shall be conducted by one or more licensed or certified psychiatrists or clinical psychologists.  18 U.S.C. § 4247(b).

4.    A psychiatric or psychological report shall be prepared by the examiner designated to conduct the psychiatric or psychological examination.  The person designated to conduct the psychiatric or psychological examination shall file the report, under seal, with the Court in the Southern District of Georgia, under case number 1:25-cr-0024-DHB-BK, for further proceedings consistent with the findings in the report.

5.    The report shall include:

      a.    Defendant's history and present symptoms;

      b.    A description of the psychiatric, psychological or medical tests that were employed and their results;

      c.    The examiner's findings;

    d. The examiner's opinions concerning whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense; and

    e. Whether Defendant was insane at the time of the offense charged; that is, that at the time of the commission of the acts constituting the offense, whether Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality of the wrongfulness of his acts.  18 U.S.C. §§ 17(a) and 4247(c).

  The Court finds that the period of time required by the above-described psychiatric or psychological examination of Defendant, and the Court's determination of Defendant's competency to stand trial and his sanity at the time of the offenses charged is excludable time under the United States Constitution, the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), and Rule 5.1 of the Federal Rules of Criminal Procedure.

  The Court VACATES the status hearing set on this matter for June 23, 2025, at 10:00 a.m., in Courtroom 3C.

  The Court INSTRUCTS the Clerk's Office to transmit this order to the Southern District of Georgia Augusta Division, Case No. 1:25-cr-0024-DHB-BK.

  IT IS SO ORDERED.

  DATED: April 25, 2025.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

3